IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02771-BNB

BERNARD KENNETH RIVERS, JR.-EL,

      Plaintiff,

v.

CITY OF GREELEY,
ROBERT FRICK, and
ROBERT CHOATE,

      Defendants.

---

## ORDER OF DISMISSAL

---

On October 24, 2011, Plaintiff, Bernard Kenneth Rivers, Jr.-El, a resident of

Greeley, Colorado, submitted a **pro se** Complaint and a Motion and Affidavit for Leave

to Proceed Pursuant to 28 U.S.C. § 1915.

On October 31, 2011, Magistrate Judge Boyd N. Boland directed Mr. Rivers to

cure certain deficiencies in this action.  Specifically, he directed Mr. Rivers to submit an

amended complaint on the proper, Court-approved form.

On November 29, 2011, Mr. Rivers submitted an amended complaint.  On

December 7, 2011, the Court granted Mr. Rivers leave to proceed **in forma pauperis**

pursuant to § 1915.

The Court must construe liberally the amended complaint because Mr. Rivers is

not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972);

**Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for *pro se* litigants.  *See id.*

Mr. Rivers asserts claims pursuant to 42 U.S.C. § 1983.  As background for his claims, Mr. Rivers has attached a Criminal Docket sheet from the Municipal Court for the City and County of Greeley which demonstrates that he was ticketed for the traffic infraction of failure to use a seatbelt on June 3, 2011.  Amended Complaint at Ex. A. Mr. Rivers was apparently convicted of this traffic infraction in Greeley Municipal Court Case No. CR-2011-0031381.  Mr. Rivers alleges that "Defendant Robert Frick the Magistrate Judge for the Municipal Court in the City of Greeley committed fraud upon the court by entering a plea of not guilty on Defendant's . . . behalf." *Id.* at 2. He also asserts that Defendant "Robert Choate a City Attorney for the City of Greeley committed fraud upon the court in his Objection to Defense Motion to Compel Discovery . . . when he stated 'Defendant pleaded not guilty' . . . ." *Id.*  In general, Mr. Rivers argues that his due process rights were violated when the named Defendants refused to dismiss the charges in Greeley Municipal Court Case No. CR-2011-0031381.  As relief, he requests that the Court set aside the judgment entered against him in Greeley Municipal Court and he also seeks damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised

sua sponte by the Court at any time during the course of the proceedings.  *See*

*McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party

seeking to invoke the jurisdiction of a federal court must demonstrate that the case is

within the court's jurisdiction."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir.

1994).  The Court has examined the amended complaint filed in this action, and finds

that the Court lacks subject matter jurisdiction.

Mr. Rivers may not challenge his conviction in Greeley Municipal Court in this

Court.  This is because the *Rooker-Feldman* doctrine provides that federal courts,

other than the United States Supreme Court, lack jurisdiction to adjudicate claims

seeking review of state court judgments.  *See District of Columbia Court of Appeals

v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

415-16 (1923).  The *Rooker-Feldman* doctrine precludes "cases brought by state-court

losers complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of

those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,

284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating

that the losing party in a state court proceeding is generally "barred from seeking what

in substance would be appellate review of the state court judgment in a United States

district court, based on the losing party's claim that the state judgment itself violates the

loser's federal rights.").  Review of the state court judgment must proceed to the state's

highest court and then to the United States Supreme Court pursuant to 28 U.S.C.

§ 1257.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The ***Rooker-Feldman*** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. ***See Feldman***, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." ***Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." ***Id***. at 1148. Furthermore, the ***Rooker-Feldman*** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." ***See Jordahl v. Democratic Party of Va.***, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, it is clear that Mr. Rivers is challenging his conviction for a traffic infraction in Greeley Municipal Court Case No. CR-2011-0031381. Review of his claims would require the Court to review the state court judgment. Therefore, the Court finds that the amended complaint must be dismissed for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine. ***See Van Sickle v. Holloway***, 791 F.2d 1431, 1436 (10th Cir. 1986).

In addition, Defendant Magistrate Judge Robert Frick is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. ***See Mireles v. Waco***, 502 U.S. 9, 11-12 (1991); ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Hunt v. Bennett***, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Defendant Judge's involvement in Mr. Rivers' municipal

4

court proceeding are actions taken in his judicial capacity, and there is no indication that this state court judge was acting in the clear absence of all jurisdiction.  Therefore, the claims Mr. Rivers asserts against Magistrate Judge Frick are also barred by absolute judicial immunity.

Further, Mr. Rivers' claims against Defendant Prosecutor Robert Choate are barred by absolute prosecutorial immunity because "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).  Because the alleged actions occurred in the course of his role as a prosecuting attorney, Defendant Choate is entitled to absolute prosecutorial immunity.  Nonetheless, because the Court lacks subject matter jurisdiction in this case, it will be dismissed pursuant to the *Rooker-Feldman* doctrine.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this __13th__ day of ___December___, 2011.

BY THE COURT:


   __s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court